EMANUEL BAMBERGER, Plaintiff, v. SIDNEY J. STERN, WILLIAM GROSSMAN and ROSA STERN, as Executors and Trustees under the Last Will and Testament of JULIUS S. STERN, Deceased; SIDNEY J. STERN, RALPH STERN, CHARLES STERN, SADIE WALLACH, FANNIE BRUSSELL, CARRIE BACHRACH, ROSA STERN and JENNIE BAMBERGER, Wife of EMANUEL BAMBERGER, the Plaintiff Herein, Defendants.

(Supreme Court, New York Special Term, December, 1918.)

Partition — who must be parties — wills — when motion to compel purchaser to take title granted — Code Civ. Pro., § 1538.

The plaintiff and the testator of the defendants were joint owners in equal shares of certain real estate sold under a decree in partition. Said testator devised and bequeathed all the remainder of his estate to his executors in trust during the life of his wife, to pay to her the net rents, income and profits so long as she remained unmarried, for the support of herself and of testator's infant children who might survive him. Upon the wife's remarriage so much of the net income as might be necessary was to be applied to the support of the children during infancy. The will further provided that upon the death or remarriage of the wife and after the youngest of the

surviving children attained majority the executors, to whom was given a full power of sale, should divide the property among such of testator's children as might then be living and the issue of such of them as had died. All of the children are still living, also the wife, who has not remarried. The purchaser at the sale in partition refused to complete his purchase on the ground that all necessary parties to the action were not joined as defendants. *Held,* that under the provision of section 1538 of the Code of Civil Procedure that " where a future estate or interest is limited in any contingency to the persons who shall compose a certain class upon the happening of a future event, it shall be sufficient to make parties to the action the persons who would have been entitled to such estate or interest if such event had happened immediately before the commencement of the action," the " future event " means death or remarriage of the wife and the attaining of full age of the youngest child, and does not include the possible death of the children whereby their issue would take under the will.

In determining who were necessary parties to the action, which was commenced while all of the children were of full age, it must be assumed that the wife died or remarried immediately before the commencement of the action; the grandchildren therefore had no interest at the time the " future event " happened, and were not necessary parties, and a motion to compel the purchaser to take title will be granted.

MOTION to compel purchaser of real estate to complete his purchase.

Paskus, Gordon & Hyman (William S. Gordon, of counsel), for plaintiff.

John J. Weiss, for purchaser Charles E. Gremmels.

PHILBIN, J. The plaintiff asks for an order compelling the purchaser of the real estate sold under the decree in partition herein to complete his purchase. The opposition is based upon an objection that all the necessary parties to the action were not joined as defendants. The plaintiff and the testator of the

defendants were the joint owners of the premises in question, each owning an undivided half part. It is claimed by the purchaser that the grandchildren of the testator should also have been made parties defendant. The testator under the third clause of the will devised and bequeathed to his executors all the rest and residue of his estate in trust during the life of his wife, and to pay the net rents, income and profits thereof to her so long as she remained unmarried, for the support of herself and of testator's infant children who might survive him. Upon the re-marriage of the wife, the trustees were to apply the net income, or so much as might be necessary, to the support of the children during infancy. It was further provided in the fifth clause that upon the death or re-marriage of the wife, and after the youngest of the surviving children attained majority, the executors should divide all testator's property among his children who might *then* be living, and the issue of such of them as should have died. The executors were given full power to sell or otherwise dispose of the whole or any part of the estate, upon such terms as they might deem advisable. The wife and all the children are still living. The wife has not re-married.

The dispute calls for a construction of section 1538 of the Code of Civil Procedure which states who must be parties to an action for partition. The part of the section that is material to the questions raised reads as follows: " Every person having an undivided share, in possession or otherwise, in the property, as tenant in fee, for life, by the curtesy, or for years; every person entitled to the reversion, remainder or inheritance of an undivided share, after the determination of a particular estate therein; every person who, by any contingency contained in a devise or grant, or otherwise, is or may become entitled to a bene-

ficial interest in an undivided share thereof, *provided that where a future estate or interest is limited in any contingency to the persons who shall compose a certain class upon the happening of a future event, it shall be sufficient to make parties to the action the persons who would have been entitled to such estate or interest if such event had happened immediately before the commencement of the action.*"

In determining the necessary parties defendant to the action, the plaintiff construed the " future event " mentioned in the Code section to mean the event which would precede the vesting in the children of the testator; in other words, the death or re-marriage of the wife and the attaining of full age by the youngest child. All of the children were of full age at the commencement of the action. The grandchildren were, therefore, not joined as parties defendant. The purchaser on the other hand claims that the " future event " includes also the possible death of the children whereby their issue, the grandchildren, would take under the will.

It seems to me that the former view is correct. It must be assumed in determining who are necessary parties that the wife died or re-married immediately before the commencement of this action and that means that the circumstances which *then* existed shall control. We find these to be, as already stated, that all the children were still living and had attained full age. The grandchildren, therefore, had no interest at the time that the future event happened, as assumed under the direction of the Code. The grandchildren were, therefore, not necessary parties to the action.

The motion to compel the purchaser to take title should be granted.

Motion granted.